**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ARTHER LEE WILLIAMSON,

    Plaintiff,

v.                                             Case No. 3:17-cv-906-J-34JBT

JUDGE TYRIE BOYER, in his Individual
and Personal Capacity,

    Defendant.

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Summary Judgment (Dkt. No. 19; Motion) filed on March 5, 2018. Upon review, the Court finds that the Motion is due to be denied.

Under Rule 56, Federal Rules of Civil Procedure (Rule(s)), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a). The record to be considered on a motion for summary judgment may include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Rule 56(c)(1)(A).[1] The party seeking summary judgment bears the initial

---

[1] Rule 56 was revised in 2010 "to improve the procedures for presenting and deciding summary-judgment motions." Rule 56 advisory committee's note 2010 Amends.

> The standard for granting summary judgment remains unchanged. The language of subdivision (a) continues to require that there be no genuine dispute as to any material fact and that the movant be entitled to judgment as a matter of law. The amendments will not affect continuing development of the decisional law construing and applying these phrases.

burden of demonstrating to the court, by reference to the record, that there are no genuine issues of material fact to be determined at trial. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). "When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593–94 (11th Cir. 1995) (internal citations and quotation marks omitted).

Here, Plaintiff cites to the appropriate summary judgment standard of review. However, he does nothing more than that. Indeed, he presents no discussion whatsoever of the merits of his claims, and points to no record evidence purportedly supporting the entry of summary judgment in his favor. Moreover, he presents no argument at all, only a request for entry of summary judgment. As such, Plaintiff has failed to carry his "initial burden of demonstrating to the court, by reference to the record, that there are no genuine issues of fact to be determined at trial." Clark, 929 F.2d at 608. Because he has not done so, the burden does not shift to Defendant, see id., and the Motion simply fails.

Accordingly, it is hereby

**ORDERED:**

---

Id. "[A]lthough the interpretations in the advisory committee['s] notes are not binding, they are highly persuasive." Campbell v. Shinseki, 546 F. App'x 874, 879 n.3 (11th Cir. 2013). Thus, case law construing the former Rule 56 standard of review remains viable and applies here.

Plaintiff's Motion for Summary Judgment (Dkt. No. 19) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 15th day of March, 2018.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

Copies to:

Counsel of Record
Pro Se Parties