**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ARTHER LEE WILLIAMSON,

    Plaintiff,

v.

Case No. 3:17-cv-906-J-34JBT

JUDGE TYRIE BOYER,
in his individual and personal capacity,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court on Defendant Judge Tyrie Boyer's Motion to Dismiss (Doc. 17; Motion) filed on January 30, 2018. In the Motion, Defendant asserts that this action should be dismissed because Plaintiff has failed to state any claim for which relief can be granted, and because the defendant judge is absolutely immune from suit. See generally Motion. Plaintiff opposes dismissal, and filed his Memorandum of Law to Support Plaintiff [sic] Opposition to Defendant [sic] Motion to Dismiss (Doc. 18; Response) on February 2, 2018. Accordingly, the Motion is ripe for review.

**I.**    **Background**

On August 24, 2017, Arther Williamson, a pro se litigant, filed his amended Complaint and Demand for Jury Trial (Doc. 5; Complaint) in which he sues one Defendant, the Honorable Tyrie W. Boyer. See Complaint at 1. Williamson identifies the Defendant as a "Judge," but fails to indicate the court over which he presides. The undersigned takes

judicial notice that the Honorable Tyrie W. Boyer is a Circuit Judge in Florida's Fourth Judicial Circuit.

In the Complaint, Williamson attempts to allege that Judge Boyer violated his constitutional rights to due process in connection with a judicial proceeding that occurred on December 8, 2016, which resulted in Judge Boyer's entry of a Final Injunction for Protection Against Domestic Violence against Williamson. See Complaint at 2; Exh. A. According to Williamson, during the injunction hearing Judge Boyer "unconstitutional [sic] indicted and arraigned" him, "suppressed all information [Williamson] tried to present," and "had [Williamson] handcuffed and forcefully taken out of his courtroom" by two police officers. Complaint at 2. By these actions, Williamson claims, Judge Boyer violated his due process rights. Complaint at 3. Williamson also suggests that Judge Boyer's actions were driven by racial animosity, and that "[t]he United State [sic] Federal court has a history of violating African American constitutional right [sic] from 1865 to the present." Complaint at 2.

## II. Standard of Review

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should

"'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F.

3

App'x 837, 839 (11th Cir. 2011)[1] (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010)).

### III. Discussion

In the Motion, Judge Boyer asserts that the Complaint must be dismissed because Williamson fails to state a plausible claim for a violation of his constitutional right to due process. Motion at 3-5. Alternatively, even if the Complaint can be liberally construed to state a claim, Judge Boyer contends that it must be dismissed because he is "immune from suit under the doctrine of absolute judicial immunity." Id. at 5. In his Response, Williamson asserts that judicial immunity cannot be raised in a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Rule(s)). He further contends that he is entitled to a default judgement because Judge Boyer failed to file an answer. Id. at 4. With respect to the second argument, the Court first notes that it is improper to seek affirmative relief in a response to a motion. See Rule 7(b)(1); Rule 3.01, Local Rules, United States District Court, Middle District of Florida; see also Rosenberg v. Gould, 554 F.3d 962, 967 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.") (quoting Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999)). Second, and more importantly, Judge Boyer did file a timely response to the Complaint by filing his Motion. See Rule 12(a). As such, he has not "failed to plead or otherwise defend" against the

---

[1] "Although an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

claims in this action and Williamson is not entitled to an entry of default or a default judgment. See Rule 55.

Turning to the merits of the Motion, the Court addresses the issue of judicial immunity first as it is dispositive. Williamson's Complaint appears to allege violations of due process under the Fourth and Fourteenth Amendments to the United States Constitution. Complaint at 1. The claims arise from the proceedings on a Final Injunction for Protection Against Domestic Violence entered against Williamson by Judge Boyer. See Complaint Exh. A. The Court construes these constitutional claims as causes of action brought pursuant to 42 U.S.C. § 1983. However, the well-established principle of judicial immunity from civil liability bars these claims. Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986); see also Stump v. Sparkman, 435 U.S. 349, 355–56 (1978); Wahl v. McIver, 773 F.2d 1169, 1172 (11th Cir. 1985).

The application of the doctrine of absolute immunity is strictly a question of law for the Court to determine. See Brown v. Crawford County, Ga., 960 F.2d 1002, 1012 (11th Cir. 1992). "Few doctrines were more solidly established at common law than the immunity of judges for liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553–54 (1967), overruled in part on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 819 (1982). "As early as 1872, the Court recognized that it . . . [is] 'a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself.'" Stump, 435 U.S. at 355 (second alteration in original) (quoting Bradley v. Fisher, 80 U.S. 335, 347 (1871)). For these reasons, the Supreme Court has determined that judges cannot be held

liable for their judicial acts even if those acts are corrupt, done with malice or in excess of the judges' jurisdiction. See Stump, 435 U.S. at 356; see also Wahl, 773 F.2d at 1172. "'Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction.'" William B. Cashion Nevada Spendthrift Trust v. Vance, 552 F. App'x 884, 885-85 (11th Cir. 2014) (quoting Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000)).[1]

In Stump, the Supreme Court recognized a two-part test to be used in determining whether a judge is absolutely immune from potential civil liability. See Stump, 435 U.S. at 356-62. The reviewing court must ask whether the judge was acting in a judicial capacity while dealing with Williamson, and whether the judge acted in the "clear absence of all jurisdiction." Id. at 356-57, 360. Only in circumstances where a judge acted in the "clear absence of all jurisdiction" or dealt with Williamson in a non-judicial capacity can the judge face civil liability for actions taken. See id. at 356-62.

In determining whether the judge was acting within his or her judicial capacity, the Eleventh Circuit instructs a court to consider several factors, including: whether "(1) the

---

[1] The Eleventh Circuit Court of Appeals has recognized that strong public policy arguments support upholding the doctrine of absolute judicial immunity.

> First and foremost, a judge must be free to act upon his own convictions, without apprehension of personal consequences; second, the controversiality and importance of the competing interests in a case before a court make it likely that the losing party may be overly willing to ascribe malevolent motives to the judge; third, judges faced with the prospect of defending damages actions and, perhaps, satisfying money judgments would be driven to wasteful and destructive self-protection devices and, moreover, may be less inclined to administer justice; fourth, alternative remedies such as appeal and impeachment reduce the need for private rights of action against judges; and fifth, the ease of alleging bad faith would make a qualified "good faith" immunity virtually worthless because judges would constantly be forced to defend their motivations in court.

Dykes v. Hosemann, 776 F.2d 942, 949 (11th Cir. 1985).

precise act complained of . . . is a normal judicial function; (2) the events involved occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the confrontation arose directly and immediately out of a visit to the judge in his official capacity." Harper v. Merckle, 638 F.2d 848, 858 (5th Cir. Unit B Mar. 1981) (quoting McAlester v. Brown, 469 F.2d 1280, 1282 (5th Cir. 1972));[2] see also William B. Cashion Nevada Spendthrift Trust, 552 F. App'x at 886. Notably, "[a] judge is entitled to immunity 'even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." William B. Cashion Nevada Spendthrift Trust, 552 F'Appx at 886 (quoting Bolin, 225 F.3d at 1239). Utilizing this framework, the Court will now consider whether Judge Boyer would be entitled to immunity from the claims Williamson wishes to assert.

Liberally construing Williamson's allegations, it is evident that he is complaining of actions taken by Judge Boyer in his judicial capacity. First, the precise acts of which Williamson complains, suppressing evidence, having people removed from a courtroom, and entering a domestic violence injunction, are normal judicial functions.[3] Second, Williamson states in his Complaint that he has been wronged because Judge Boyer improperly suppressed evidence and had him forcibly removed from the courtroom. Complaint at 2. These actions are alleged to have occurred as part of an ongoing judicial proceeding in the Fourth Judicial Circuit Court of Florida. Williamson fails to suggest or provide any basis for a conclusion that Judge Boyer's actions occurred outside of his

---

[2] This case and all Fifth Circuit cases decided prior to September 30, 1981, are binding precedent pursuant to Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[3] Williamson attempts to sue Judge Boyer in his personal or individual capacity, stating that Judge Boyer was acting outside his judicial capacity. See Complaint at 2. However, the factual allegations of the Complaint demonstrate that the grievances Williamson complains of arose out of the actions Judge Boyer took while presiding over a case (i.e., suppressing evidence and removing the individual from the courtroom). These types of actions are exactly what the Supreme Court in Stump held must be immunized from civil liability. See Stump, 435 U.S. at 355.

7

judicial chambers. Third, the actions about which Williamson complains occurred in a case that was assigned to and pending before Judge Boyer. Fourth, the acts of which Williamson complains did arise out of a visit to the judge acting within his official capacity. In consideration of the foregoing, the undersigned concludes that the actions about which Williamson complains constitute judicial acts taken by Judge Boyer while acting in a judicial capacity.

The Court also considers the second inquiry identified by the Supreme Court in Stump. This question, which focuses on whether the judge acted in clear absence of all jurisdiction, has been interpreted to preclude immunity in those circumstances "in which a judge acts purely in a private and non-judicial capacity," Henzel v. Gerstein, 608 F.2d 654, 658 (5th Cir. 1979), in a matter "clearly outside the judge's subject matter jurisdiction." Dykes, 776 F.2d at 948. Williamson asserts that Judge Boyer "did not have personal jurisdiction and subject matter jurisdiction" over Williamson. Complaint at 2. However, Williamson provides nothing more than conclusory statements to that effect. It cannot be said, even using the most liberal construction, that Williamson has alleged any facts supporting a plausible claim that Judge Boyer acted in a private manner or outside his public judicial position. Indeed, nowhere in his Complaint does Williamson remotely allege that Judge Boyer acted in such a manner. Moreover, as a Circuit Judge in the Fourth Judicial Circuit of Florida, Judge Boyer had jurisdiction over the claims in his Court, and had not only the authority, but also the obligation, to adjudicate those claims. Consequently, the undersigned concludes that Judge Boyer was acting within his judicial capacity and had the authority to adjudicate Williamson's case. As the Eleventh Circuit has stated unequivocally, "[a] judge is absolutely immune from suit in performing his judicial

responsibilities." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991). Thus, Judge Boyer enjoys absolute judicial immunity from all civil liability to Williamson, and Williamson's claims are due to be dismissed. See Drees v. Ferguson, 396 F. App'x 656, 658-59 (11th Cir. 2010).

For the foregoing reasons, it is hereby

**ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 17) is **GRANTED**.

2. This case is **DISMISSED**. The Clerk of the Court is directed to terminate any pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 20th day of July, 2018.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

i41

Copies to:

Counsel of Record

Pro Se Party